(117 So. 909)

## GLASGOW v. STATE. (8 Div. 663.)

Court of Appeals of Alabama.   June 26, 1928.

Rehearing Denied Aug. 7, 1928.

Jas. C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.   ▮▮ Appellant was convicted of the offense of bigamy under an indictment which charged him "with having a wife then living, unlawfully married one Blanche Hopkins," etc.   Necessary to a conviction upon a charge of this character, the state was under the duty to prove, under the required measure of proof, two essential facts: (1) That he married the woman named in the indictment, in the county where the prosecution was pending, and within the time covered by the indictment; (2) that at the time of such marriage the defendant had a wife then living.

▮▮ There was but slight, if any, conflict in the evidence adduced upon the trial of this case.   This evidence tended to show conclusively that this defendant did marry the said Blanche Hopkins; that said marriage took place in Lauderdale county, Ala., and within the time covered by the indictment. The evidence also tended to show that at the time of said marriage this defendant had a living wife and children who were at the time of this trial residing with defendant's own mother in the city of Huntsville, Madison county, Ala.   There appeared no legal evidence to controvert either of these facts and the jury so found by their verdict. These essential facts having been thus shown without material conflict or dispute, the offense complained of was thus shown.   There are numerous insistences of error, but, as we view this case, even if there were technical errors in some of the court's rulings, we discover none that could have had the tendency to actuate the jury in arriving at an erroneous conclusion.   Under the evidence, if believed by the jury as the law requires, the jury could have reached no other conclusion. This being true, there appears no good reason for a discussion here of the several points of decision insisted upon on this appeal.   The court properly declined to permit the defendant to testify that he had been divorced from his wife, who was Miss Cora Cummeryne. There was better evidence of such fact, if fact it was, and the court properly so held. Among other things, the defendant testified as to Cora Glasgow, née Cummeryne:

"I know Cora Cummeryne.   I couldn't say whether that is the woman that goes by the name of Cora Glasgow that is living in Huntsville or not.   I lived with her as her husband. * * * I can't say whether that wife was living in Huntsville when I married this girl (Blanche Hopkins) or not."

The defendant also testified that he had been formerly convicted for bigamy, and had served a term in the penitentiary as a punishment therefor.   The undisputed evidence disclosed that this defendant voluntarily admitted to witness W. L. Stutts, sheriff, that he had been married and had a living wife, and that he had a living wife before he married this woman (Blanche Hopkins).   Also:

"He told me he had been married three times. He told me he had a wife living in Huntsville; and that he married a woman in Jasper before he married this one, and then he married this one (referring to his present wife in Florence, who was present in the courtroom)."

We discover no ruling of the court which in our opinion erroneously injured the substantial rights of the defendant.   The offense charged in the indictment appears to have been fully proven by the legal evidence in this case.   The record proper is without error; therefore the judgment of conviction

from which this appeal was taken will stand affirmed.

Affirmed.